HENRY DE STUCKLE, APPELLANT, *v.* THE TEHUANTEPEC RAILWAY COMPANY AND OTHERS, RESPONDENTS.

*Additional allowance — can only be granted upon the entry of the final judgment.*

An additional allowance cannot be granted, upon overruling or sustaining a demurrer with leave to answer over, on payment of costs ; but only, if at all, when the final judgment is pronounced that unconditionally terminates the action and fixes absolutely the right of the succcessful party to tax his costs under the Code.

APPEAL from an order made at Special Term, granting an extra allowance, on directing a judgment for the defendants on sustaining a demurrer to the complaint, with leave to the defendants to serve an amended answer upon payment of costs.

*F. R. Coudert*, for the appellant.

*Albert Stickney*, for the respondents.

DAVIS, P. J. :

The judgment of the Special Term sustained the demurrer and ordered an interlocutory judgment thereon for the defendants, but provided that the plaintiff may at any time within twenty days after service of a copy of the order sustaining the demurrer, and upon payment of the costs of this action, serve an amended complaint herein, and that upon failure to do so, and upon proof by affidavit of such failure, the defendants might enter final judgment in their favor. The additional allowance was made under section 3253 of the Code. It is not contended that this is not a difficult and extraordinary case, but it is insisted that the granting of the allowance was premature.

We are of opinion that this objection was well taken. The Code contemplates but one allowance, and that only upon final judgment. None can be granted upon an interlocutory judgment sustaining a demurrer with leave to amend, which is the judgment rendered in this case. An additional allowance after it is properly granted, becomes a part of the costs of the action which the successful party is entitled to recover, and if such allowance be granted upon sustaining or overruling a demurrer where leave is given to amend on payment of costs, the unsuccessful party on the demurrer may be

compelled to pay, as a condition of leave to answer, an additional allowance in a case when final judgment may ultimately be rendered in his favor. We are satisfied that this result was not in contemplation of the Code. There cannot be two extra allowances granted in the same case, although the case may have been tried several times. (*Flynn et al., as Admrs.*, v. *Equitable Life Ins. Co.*, 18 Hun, 212.)

The Superior Court in *McDonald* v. *Mallory* (14 J. & S., 58, 63) laid down the correct rule in these words : " The test must be that the action has terminated in such form that the successful party can lawfully claim the payment of the costs on such termination, and enforce their payment."

An additional allowance cannot, therefore, be granted upon sustaining or overruling a demurrer, with leave to answer over on payment of costs, but only, if at all, when the final judgment is pronounced that unconditionally terminates the action and fixes the right of the successful party to tax his costs absolutely under the Code.

The order should, therefore, be reversed, without prejudice to a renewal of the application, whenever the defendants become entitled to apply for final judgment in the action, with ten dollars costs of this appeal, besides disbursements.

BRADY and DANIELS, JJ., concurred.

Order reversed, with ten dollars costs and disbursements.